UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERBI JOSE SILVERIO ROSA, | |
| Petitioner, | Civ. No. 15-5451 (KM) |
| v. | |
| DHS/ICE, et al., | OPINION |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

## I.  INTRODUCTION

The petitioner, Derbi Jose Silverio Rosa, is an immigration detainee at the Hudson County Jail in Kearny, New Jersey. Through counsel, he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II.  BACKGROUND

Mr. Silverio Rosa is a native of the Dominican Republic. In 2012, he was convicted of robbery in the second degree, in violation of N.J. STAT. ANN. § 2C:15-1. He was sentenced to a term of imprisonment of at least one year.

Mr. Silverio Rosa has been in immigration detention since May 19, 2015. He asserts that a hearing was scheduled before the Immigration Judge ("IJ") on June 29, 2015, but that the hearing did not proceed because the attorney representing the Department of Homeland Security ("DHS") did not have petitioner's file. Mr. Silverio Rosa asserts that his continued immigration detention is therefore unlawful.

## III.   LEGAL STANDARD: *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which petitioner would be entitled to a hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan.30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano*, No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov.26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very

3

nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). In *Chavez-Alvarez*, the Third Circuit observed that, under the circumstances of that case, that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478.

Mr. Silverio Rosa has been in pre-removal order immigration detention for a period of approximately two months. I find that his continued immigration detention for this period of time has not yet reached the level of unreasonableness under *Diop/Chavez-Alvarez*. This is far shorter than the six months without a bond hearing that the United States Supreme Court has found not to be an arbitrary deprivation of liberty. *Demore v. Kim*, 538 U.S. 510, 528 (2003); *see also Chavez-Alvarez*, 783 F.3d at 473 (citing *Demore*). Nothing in the petition tends to suggest that Silverio Rosa's pre-removal-order detention is, or threatens to become, unreasonably prolonged or indefinite. Accordingly, Mr. Silverio Rosa is not entitled to federal habeas relief at this time. *Accord Leon v. Warden*, No. 14-3017, 2014 WL 2615717, at *3 (D.N.J. June 12, 2014) (two-month period of immigration detention does not run afoul of *Diop* because petitioner did not allege any facts showing that his continued detention is or will become unreasonably prolonged or indefinite).

This habeas petition will therefore be summarily dismissed, but without prejudice to another application, should Mr. Silverio Rosa's pre-removal order immigration detention continue for an unreasonable period.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed without prejudice. An appropriate Order will be entered.

Dated: July 22, 2015

_____
KEVIN MCNULTY
United States District Judge